UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GAIL EUGENE PHILLIPS–WATERS, Individually
and as Personal Representative of the Estate
of JAMES LEON WATERS, deceased
8311 Renton Avenue South
Seattle, Washington 98118

CASE NO. 1:06–CV–01310

Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
1 Marriott Drive
Washington, DC 20058
Serve:
Marriott International Inc.
Law Department
North American Lodging Operations
10400 Fernwood Road
Bethesda, Maryland 20817
and
Prentice–Hall Corporation System, Inc.
1090 Vermont Avenue, NW
Washington, DC   20005

And

RENAISSANCE HOTEL OPERATING COMPANY
Serve:
Mr. David W. Goewey
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004–1601

and

TECHWORLD HOTEL ASSOCIATES, LLC
D/B/A RENAISSANCE WASHINGTON, D.C.
HOTEL
999 9th Avenue, NW
Washington, DC 20001
Serve:
Corporation Service Company
1090 Vermont Avenue, NW
Washington, DC 20005

and

SUNSTONE K9, LLC
903 Calle Amanecer, Suite 100
San Clemente, CA 92673
Serve:
National Registered Agents, Inc.
1090 Vermont Ave., N.W.,#910
Washington, DC 20005

and

JOHN DOES NO. 1-10,

                    Defendants.
_____

## MOTION

Pursuant to Federal Rule of Civil Procedure 15(a) and (c), and LCvR 15.1,

Plaintiff respectfully moves the Court for an order permitting her to amend her

Complaint (and First Amended Complaint), to conform to the attached,

proposed Second Amended Complaint.  Said Second Amended Complaint

specifically names Renaissance Hotel Operating Company, a brand and/or

subsidiary of Marriott International, Inc..  Plaintiff seeks leave to file the

Second Amended Complaint in order to clarify that Plaintiff's claims are

intended to include allegations against Renaissance Hotel Operating Company,

as well as Marriott International, Inc. and the other Defendants.

I.      RELIEF REQUESTED

Plaintiff moves the Court for an order permitting her to file the attached

Second Amended Complaint.

II.     STATEMENT OF FACTS

Plaintiff's Complaint and First Amended Complaint assert claims against

Marriott International, Inc. ("Marriott"), with regard to the Renaissance Hotel at

999 9th Avenue, N.W., in Washington, D.C.   Renaissance Hotels is one of

Marriott "brands."  Plaintiff has also asserted claims against those who appear

to have had an ownership interest in the specific  hotel in issue at times

relevant to Plaintiff's claims.

Renaissance Hotel Operating Company ("RHOC") and Marriott are

represented by the same counsel.  He has recently advised undersigned

plaintiff's counsel that he believes RHOC should be more specifically identified as a party in this action, along with Marriott.  The proposed Second Amended Complaint does this.

Plaintiff respectfully submits that the filing of her Second Amended Complaint is necessary to ensure that she will be afforded a fair presentation of her claims in this action.  No defendant will prejudiced if the amendment is permitted.  No defendant has yet answered in this action.  The claims asserted in the proposed Second Amended Complaint arose out of the exact same conduct, transactions, or occurrences set forth in her original pleading and First Amended Complaint.  RHOC has been put on notice of the institution of this action in a timely manner, such that it will not be prejudiced in maintaining a defense on the merits.  Given its relationship to and with Marriott, and the fact that Marriott and RHOC are represented by the same counsel, RHOC clearly knew the action has been or would have been brought against it.

Moreover, all of the Defendants identified herein have, at various times, had an interest in and/or were responsible for aspects the hotel in which James Waters suffered his fatal cardiac arrest.  Plaintiff has also sought more

specific information from the Defendants to determine the exact dates of and what responsibility each Defendant had for Mr. Waters' death.  Should that information establish that one or more of the Defendants had no legal responsibility for that death, Plaintiff will voluntarily dismiss that Defendant or Defendants.

III.    STATEMENT OF THE ISSUE

The following issues are presented for resolution by the Court:

1.    Should the Court allow Plaintiff to file her propose Second Amended Complaint, to clarify the intent of her Complaint that her claims are against the Renaissance Hotel Operating Company, a brand and/or subsidiary of Marriott, as well as the other Defendants?

IV.    EVIDENCE RELIED UPON

This motion is based on the files and records in this action.

V.    LEGAL AUTHORITY

The motion is made pursuant to Federal Rules of Civil Procedure 15. Federal Rule of Civil Procedure 15(a) provides in pertinent part that "leave [to file a party's pleading] shall be freely given when justice so requires."  As noted above, the claims asserted in the proposed Second Amended Complaint

arose out of the exact same conduct, transactions, or occurrences set forth or

attempted to be set forth in her original pleading and First Amended

Complaint.  No defendant will be prejudiced by the filing of this amendment.

Indeed, RHOC has already been put on notice of the institution of this action,

such that it will not be prejudiced in maintaining a defense on the merits

VI.    PROPOSED ORDER

A proposed order granting the relief requested accompanies this

motion.

Dated:   October _3__, 2006.

Respectfully submitted,

SPARKS & SILBER, LLP

Richard F. Silber, Esquire, D.C. Bar No. 395407
3221 M Street, N.W.
Washington, D.C.  20007-3616
Tel 202/338-0687 Fax 202/333-0858

McNAUL EBEL NAWROT & HELGREN P.L.L.C.

Leslie Hagin, Esquire, D.C. Bar No. 453450
Michael D. Helgren, Esquire*
600 University Street, Suite 2700
Seattle, Washington 98101

Tel 206/467-1816 Fax 206/624-5128

Attorneys for Plaintiff,
Gail Phillips-Waters

*Admitted Pro Hac Vice

2080-001 si300404 10/3/06

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAIL EUGENE PHILLIPS-WATERS,**<br>**Individually and as Personal Representative**<br>**of the Estate of JAMES LEON WATERS,**<br>**deceased**<br>**8311 Renton Avenue South**<br>**Seattle, Washington 98118**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARRIOTT INTERNATIONAL, INC.,**<br>**1 Marriott Drive**<br>**Washington, DC 20058**<br>**Serve:**<br>**Marriott International Inc.**<br>**Law Department**<br>**North American Lodging Operations**<br>**10400 Fernwood Road**<br>**Bethesda, Maryland 20817**<br>**and**<br>**Prentice-Hall Corporation System, Inc.**<br>**1090 Vermont Avenue, NW**<br>**Washington, DC   20005**<br><br>**And**<br><br>**RENAISSANCE HOTEL OPERATING**<br>**COMPANY**<br>**Serve:**<br>**Mr. David W. Goewey**<br>**Venable LLP**<br>**575 7th Street, N.W.**<br>**Washington, D.C.  20004-1601**<br><br>**and**<br><br>**TECHWORLD HOTEL ASSOCIATES, LLC**<br>**D/B/A RENAISSANCE WASHINGTON, D.C.**<br>**HOTEL**<br>**999 9th Avenue, NW**<br>**Washington, DC 20001**<br>**Serve:**<br>**Corporation Service Company**<br>**1090 Vermont Avenue, NW** | **CASE NO. 1:06-CV-01310** |



PLAINTIFF'S EXHIBIT

A

**Washington, DC 20005**

**and**

**SUNSTONE K9, LLC**
**903 Calle Amanecer, Suite 100**
**San Clemente, CA 92673**
Serve:
National Registered Agents, Inc.
1090 Vermont Ave., N.W.,#910
Washington, DC 20005

**And**

**JOHN DOES NO. 1-10,**

**Defendants.**

## COMPLAINT
(Wrongful Death, Survival, Negligence)

Plaintiff Gail Eugene Phillips-Waters (formerly also known as Gail Curry) (hereinafter Gail Phillips-Waters), individually and in her capacity as personal and legal representative of decedent James Leon Waters' estate, states as follows and for her Complaint against Renaissance Washington Hotel, D.C. Hotel, Marriot International, Inc. and against as-yet to be identified Defendants John Does 1 through 10.

### PRELIMINARY STATEMENT

1.     Gail Phillips-Waters brings this action seeking compensatory and punitive damages for the injuries and losses suffered by her individually, and as the personal and legal representative of the estate of her deceased husband, James Leon Waters.  Gail Phillips-Waters has been designated the personal and legal representative of the estate of her deceased husband, James Leon Waters.

2.     This action arises out of the Defendants' gross, wanton, willful, reckless and/or negligent misconduct in connection with their failure to render timely and reasonable aid and protection, including but not limited to reasonable first aid until

professional assistance arrived, to James L. Waters, one of their hotel guests who was experiencing a medical emergency.[1]  At or around 9:30 p.m. on July 26, 2005, James L. Waters, while a guest of Defendants' Renaissance Washington, D.C. Hotel ("Renaissance Hotel" or "the Hotel"), suffered a sudden cardiac arrhythmia from ventricular fibrillation.

3.      On information and belief, the Renaissance Hotel did not have an Automated External Defibrillator ("AED") device on its premises at the time of Mr. Waters' sudden cardiac arrhythmia, and/or did not have staff on duty at the time properly trained in utilizing an AED.  The hotel also failed to provide complete and/or adequate information to the District of Columbia's professional medical responders, and failed to ensure its security staff was equipped with working portable radios on the evening of July 26, 2005.  The hotel's failure to have working radios and to otherwise communicate complete and/or adequate information to professional medical responders further prevented and delayed the arrival of emergency medical treatment to Mr. Waters, and increased the risk of harm to him.  These failures by Defendants, as more fully set forth below, caused the death of Plaintiff's decedent, James L. Waters.

## BACKGROUND

4.      Most cardiac arrests are caused by abnormal heart rhythms which are brought on by ventricular fibrillation. This abnormal rhythm occurs when the heart's electrical system malfunctions, causing a chaotic rhythm that prevents the heart from pumping oxygen-carrying blood to the victim's brain and body.

5.      An AED is a portable electronic device that automatically diagnoses and treats cardiac arrest by reestablishing an effective heart rhythm.  This treatment is called defibrillation, which applies an electric shock to the entire heart muscle,

---

[1]  Mr. and Mrs. Waters were registered at the hotel and shared a room under the name of Gail Curry, Mrs. Waters' name prior to marrying Mr. Waters, and the name on the credit card she was using.

uniformly clearing the electrical activity of the heart, allowing it to resynchronize. The patient can then be safely transported to a hospital for additional health care. Without prompt access to an AED, the great majority of heart attack victims will die before a normal heart rhythm is restored.

6.    Given the life-saving efficacy of AEDs, and the relative inexpensiveness of the device and training to use it, by the year 2000 at least, AEDs were standard in corporate and governmental offices, shopping centers, airports, restaurants, sports stadiums, schools, universities, community centers, hotels and other places where large groups of people are invited to gather, and the risk that someone among those invited will suffer a sudden cardiac arrest is quite likely. Cummins Declaration, ¶ 12, attached hereto as Exhibit A.

7.    AEDs have been demonstrated to be safe and effective, even when used by lay individuals. Moreover, in order to encourage the use of AEDs in the District of Columbia, the D.C. City Council passed legislation in the year 2000 which established that any person who uses an AED to provide emergency care or treatment, is immune from civil liability, D.C. Code § 44-233 (2001).

8.    By failing to have an AED on the premises of the Renaissance Hotel, and/or by failing to adequately train its staff in the use of an AED, the Defendants disregarded the applicable standard of care for the provision of emergency first aid and guest/invitee protection in places of public accommodation and assembly, to their guests who suffer a sudden cardiac arrest. Exhibit A, Cummins Declaration, ¶17. The Renaissance Hotel breached its duty to render timely and reasonable aid and protection to its guests, such as decedent James L. Waters. See e.g. Restatement (Second) Torts, § 314A(1).

9.    In addition, the Renaissance Hotel failed to communicate complete and/or adequate information about Mr. Waters' condition to the professional medical

responders, and failed to ensure their security staff had operational radios. Thus, for example, when the EMTs from the D.C. Fire and Emergency Medical Services Branch personnel arrived, they were provided with inaccurate and incomplete information, which further delayed necessary emergency medical care, and further risked the life of their hotel guest, Mr. Waters.

10.    The Renaissance Hotel breached its duty to properly train and equip its staff to respond to medical emergencies on its premises. Renaissance Hotel employees should have been furnished with both operational radios and portable AEDs in order to provide immediate emergency aid to its guests, such as decedent, James L. Waters, and Hotel employees should have been adequately trained in the use of AEDs and in the maintenance and use of their portable radios.

11.    Mr. Waters was 58 years old when he died. Had he received a timely, properly administered AED shock by Renaissance Hotel staff, he most likely would have survived. Exhibit A, Cummins Declaration, ¶19.

## JURISDICTION

12.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Supplemental jurisdiction over Plaintiff's pendent state-law claims is conferred by 28 U.S.C. § 1367.

## VENUE

13.    Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Columbia.

## THE PARTIES

14.    Plaintiff Gail Eugene Phillips-Waters resides at 8311 Renton Avenue South, Seattle, Washington 98118. She is the duly appointed personal representative

of the estate of her deceased husband, through the Superior Court of the State of Washington for King County, No. 06-4-04151 SEA (July 17, 2006). She is bringing this action individually, and as the wife, personal representative, and legal representative of the estate of James Leon Waters.

15. Upon information and belief, at relevant times herein, Defendant Techworld Hotel Associates, LLC, d/b/a/ The Renaissance Washington, D.C. Hotel was owned, operated or controlled by and/or otherwise affiliated or associated with Marriot International, Inc. ("Marriott") and/or its brand or subsidiary, Renaissance Hotel Operating Company ("RHOC").

16. Upon information and belief, at relevant times herein, Defendant Sunstone K9, LLC d/b/a The Renaissance Washington, D.C. Hotel was owned, operated or controlled by and/or otherwise affiliated or associated with Marriot International, Inc. ("Marriott") and/or its brand or subsidiary, Renaissance Hotel Operating Company ("RHOC").

17. Defendant Marriott is a corporation whose headquarters are located in Washington, D.C. at 1 Marriott Drive, Washington, D.C. 20058. Marriott has lodging properties located in the United States and 66 other countries and territories.

18. "Renaissance Hotel" is one of Marriott's numerous brands. Defendant Renaissance Hotel Operating Company is part of this Marriott brand and/or a subsidiary of Marriott.

## FACTUAL BACKGROUND

19. On July 26, 2005, Mrs. Gail Phillips-Waters and her husband, James Leon Waters were staying at the Renaissance Hotel located at 999 9th Street, N.W., Washington, D.C. They were staying in Washington in order to visit with family and friends. The decedent, James L. Waters grew up in Washington, D.C.

20. Around 9:30 p.m. on July 26, 2005, Mr. Waters suffered a sudden

cardiac arrhythmia in the Waters' hotel room located on the 8th floor of the Hotel.

21.    Mrs. Phillips-Waters witnessed her husband's collapse and immediately started CPR and called the hotel front desk seeking emergency medical treatment.  A hotel employee called "911."  A hotel employee also came to the Waters' room, found Mr. Waters on the bed, and attempted to administer CPR until professional responders from the D.C. Fire and Emergency Services Branch arrived.  The Renaissance Hotel staff failed to deploy or administer an AED device to Mr. Waters.  On information and belief, the Hotel failed to have an AED on its premises, and/or failed to adequately train its staff in the use of an AED.  Thus, Mr. Waters did not receive any treatment from hotel staff that would have cleared his cardiac arrhythmia and restarted his heart.

22.    Although Mr. Waters suffered cardiac defibrillation, he still had a shockable rhythm.  Therefore, had he had received a timely defibrillation shock from an AED, a normal heart rhythm could have been restored and he could have been safely transported to a hospital for further treatment.  Exhibit A, Cummins Declaration ¶ ¶s 10-11.  Without timely access to an AED, there was little anyone could do to restore Mr. Waters' normal heart rhythm later.  By the time the professional responders arrived at his hotel room with an AED device, and he could be transported to George Washington University Hospital, too much time had elapsed and Mr. Waters could not be resuscitated.

23.    Moreover, on the evening of July 26, 2005, the Hotel's key security personnel (including the employee directed to Mr. Waters' hotel room, and the employee directed to wait for the EMS responders at the front of the Hotel) did not have operational two-way radios.  This resulted in the communication to the professional medical responders of incomplete and/or inaccurate information about Mr. Waters' condition, and thus further delayed the transmittal of timely professional medical treatment to Mr. Waters.  See e.g., Exhibit B, Freedom of Information Act

documents received from the D.C. Fire and Emergency Services Branch pertaining to Incident No. 089340.

24.     The Renaissance Hotel, located in the heart of downtown Washington, D.C., has over 800 rooms, located on 16 floors.  Not simply a hotel, it has 64,000 square feet of meeting space, 30 meeting rooms, a 10,000 square foot swim and fitness center and restaurants.  On any given day or night, more than 1,500 guests and other individuals could be staying at the Renaissance Hotel or using its meeting and other facilities.  Despite this fact, upon information and belief, at all times relevant to this suit the Renaissance Hotel did not have a single AED in its fitness center, by the pool, or at any other place on the premises, and/or failed to adequately train its staff in the use of any AED.

25.     Coronary artery or other cardiovascular disease is the leading cause of death in the United States.  Sudden cardiac arrest due to ventricular fibrillation is the most frequent manner of death from coronary artery disease. Exhibit A, Cummins Declaration, ¶ 14.  Even though Defendants' knew, or should have known, that thousands of guests and business invitees are present in its hotel at any given time of day or night, Defendants on the night in question, failed to have one working AED available, and/or trained staff in the use of an AED, in order to provide effective first aid and protection to its guests.  That failure was contrary to medical and legal standards, and cost Mr. Waters his life.

26.     Since at least the year 2000, the national standard for emergency first aid and protection in places of public accommodation and assembly such as hotels, convention centers, airports, schools, has required that AEDs be accessible and available to the public, and that staff of such facilities be adequately trained in the use of AEDs.  Defendants' staff should have been properly equipped with and trained in the prompt use an AED for one of its guests or business invitees in cardiac arrest.

Renaissance Hotel management and/or staff breached this duty to provide an AED to Mr. Waters.   Exhibit A, Cummins Declaration, ¶ 12.

27.    It was reasonably foreseeable that given the large numbers of hotel guests and business invitees who stay or attend meetings at the Renaissance Hotel, that one of them, such as Mr. Waters, would likely suffer a sudden cardiac arrest while on the hotel's premises.  It was, therefore, highly foreseeable that Defendants' failure to have an AED immediately accessible, and trained staff on duty, for such an emergency subjected individuals like Mr. Waters to an increased risk of death because there would be no timely way to restore normal cardiac rhythm.

## CLAIMS AGAINST DEFENDANTS

### COUNT I

#### (Wrongful Death)

28.    Paragraphs 1-27 are incorporated by reference as though fully set forth herein.

29.    This claim for wrongful death is brought by Plaintiff Gail Phillips- Waters as the personal representative of the decedent, James Leon Waters, pursuant to D.C. Code Ann. § 16-2702 (1989 Repl. Vol.), against all Defendants jointly and severally.

30.    Pursuant to its relationship with Mr. Waters, defendants as owners and operators of the Renaissance Hotel had a duty to exercise reasonable care for the safety, protection, and first aid of Mr. Waters in the event he experienced a medical emergency.  It is well-known that when someone has a heart attack, every minute counts.  And every minute there is a delay, the risk of harm to the victim increases.

31.    Defendants knew, or should have known, that if one of their guests or business invitees, such as Mr. Waters, suffered a heart attack or cardiac arrhythmia on its premises, that without timely access to an AED, Defendants were affirmatively creating a dangerous condition, making it reasonably foreseeable that its guests, such

as Mr. Waters, would be severely injured or die before receiving professional emergency care.

32.   Defendants further knew, or should have known, that they did not have operational two-way radios available to its staff in the event of a medical emergency, thus increasing the likelihood that accurate and timely information would not be able to be transmitted to professional medical responders concerning a heart attack victim's status.  On July 26, 2005, this failure also increased the risk of harm to Mr. Waters, by delaying the arrival of professional emergency medical treatment.

33.   As a direct and proximate result of the above-described failure to provide adequate first-aid and protection to Mr. Waters, his cardiac arrhythmia was not properly and timely treated, and as a result, he could not be resuscitated. He experienced severe emotional panic and mental distress prior to his death, as well as bodily pain and conscious suffering.  He also suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

34.   Given the great likelihood that one or more of the thousands of hotel guests and business invitees at the Renaissance Hotel would suffer a sudden cardiac arrest, defendants had an affirmative obligation to have available to their guests and invitees, AEDs and other timely and effective first-aid and protection.

35.   The failure of Defendants to have AEDs and/or adequately trained staff available did, in fact, increase the risk of death to Mr. Waters, and caused his death.

36.   As a proximate result of the Defendants' reckless, wrongful and/or negligent failure to have accessible AEDs and/or properly trained staff present in its hotel, Plaintiff's decedent received substandard first-aid and protection from the Defendants and died from his cardiac arrhythmia as a result thereof.

37.   As a further failure to have accessible AEDs and/or properly trained staff present in the hotel, Plaintiff Gail Phillips-Waters was deprived of the services, care

and companionship of her husband for the rest of her life, and also suffered economic damages including but not limited to lost wages, and funeral and burial expenses.

WHEREFORE, plaintiff Gail Phillips-Waters, as personal representative of the estate of James Leon Waters requests that the Court enter judgment in her favor and against all Defendants, jointly and severally, as follows:  (1) for compensatory damages of not less than one million dollars or such other amount as shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

**COUNT II**

**(Survival Action)**

Paragraphs 1-37 are incorporated by reference as though fully set forth herein.

38.    This survival action is brought by Gail Phillips-Waters, as the personal representative of the estate of James Leon Waters, pursuant to D.C. Code Ann.§ 12-101 (1995 Repl. Vol.), against all Defendants jointly and severally.

39.    As a proximate result of the aforesaid reckless, wrongful and/or negligent conduct by the Defendants, Mr. Waters heart rhythm was never restored, and he experienced pain, suffering, emotional distress and mental anguish prior to his death.

WHEREFORE, plaintiff Gail Phillips-Waters, as representative of the estate of James Leon Waters requests that the Court enter judgment in her favor and against all defendants, jointly and severally, as follows:  (1) for compensatory damages in an amount not less than one million dollars or such other amount as shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## COUNT III

### (Negligent Equipment, Training and Supervision)

Paragraphs 1-39 are incorporated by reference as though fully set forth herein.

40.    Upon information and belief, defendants failed to provide adequate and competent equipment, training, and/or supervision to the employees and staff of the Renaissance Hotel in how to effectively provide emergent first-aid and protection to its guests and invitees who suffer a heart attack on the hotel's premises.  Such equipment, supervision and/or training, at a minimum, should have included reasonable equipment and procedures for using an AED and portable radios with regard to someone suffering a heart attack at the Hotel.

41.    As a direct and proximate result of the above-described negligence, plaintiffs' decedent, James Waters, suffered grave bodily injury causing his death.  He experienced severe emotional panic and mental distress prior to his death as well as bodily pain and conscious suffering.  He also suffered pecuniary loss, including, but not limited to loss of future earnings.

WHEREFORE, plaintiff Gail Phillips-Waters, as representative of the estate of James Leon Waters request that the Court enter judgment in her favor and against all defendants, jointly and severally, as follows:  (1) for compensatory damages in an amount not less than one million dollars or such other amount as shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## COUNT IV

### (Punitive Damages)

42.    The allegations of paragraphs 1 through 41 are realleged and incorporated herein.

43.    Defendants knew or should have known that of the thousands of guests and invitees who frequent the Renaissance Hotel, there was a high likelihood that one or more of them would suffer a heart attack or cardiac arrthymia and would need to be promptly defibrillated or they would likely die.

44.    Defendants' failure to have a AED at the Hotel was malicious, grossly negligent, wanton and reckless, and/or in willful disregard of the rights and safety of James Leon Waters.  Defendants knew or had reason to know that failing to equip the Renaissance Hotel with an AED and properly-trained staff in the use of an AED prevented and denied their guests and invitees with timely, effective and life sustaining first aid and protection, including timely treatment for a heart attack, with the greater likelihood that a person, such as Mr. Waters, would die.

45.    Defendants' failure to ensure its security and/or other personnel had working portable two-way radios also hampered and delayed the arrival of professional medical treatment to Mr. Waters, from the D.C. Fire and Emergency Services Branch, prevented accurate information about Mr. Waters to be transmitted to the professional medical responders, and was likewise malicious, grossly negligent, wanton and reckless, and/or in willful disregard of the rights and safety of James Leon Waters. Defendants knew or had reason to know that failing to equip key security personnel at the Renaissance Hotel with working two-way radios would prevent and deny their guests and invitees with timely, effective and life sustaining first aid and protection, including timely treatment for a heart attack, with the greater likelihood that a person, such as Mr. Waters  would die.

WHEREFORE, plaintiff Gail Phillips-Waters, as personal representative of the estate of James Leon Waters, requests that the Court enter judgment in her favor and against all defendants jointly and severally, for (1) punitive damages for the sum of several million dollars or such other amount as shall be proven at trial; (2) pre- and

post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

JURY DEMAND

A trial by jury is hereby demanded.

Respectfully submitted,
SPARKS & SILBER, LLP

Richard F. Silber, Esquire, D.C. Bar No. 395407
3221 M Street, N.W.
Washington, D.C.  20007-3616

Tel 202/338-0687 Fax 202/333-0858

McNAUL EBEL NAWROT & HELGREN P.L.L.C.

Leslie Hagin, Esquire, D.C. Bar No. 453450
Michael D. Helgren, Esquire*
600 University Street, Suite 2700
Seattle, Washington 98101
Tel 206/467-1816 Fax 206/624-5128

Attorneys for Plaintiff,
Gail Phillips-Waters

*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

GAIL EUGENE PHILLIPS–WATERS, Individually
and as Personal Representative of the Estate
of JAMES LEON WATERS, deceased
8311 Renton Avenue South
Seattle, Washington 98118

                                    Plaintiff,


                    v.


MARRIOTT INTERNATIONAL, INC.,
1 Marriott Drive
Washington, DC 20058
Serve:
Marriott International Inc.
Law Department
North American Lodging Operations
10400 Fernwood Road
Bethesda, Maryland 20817
and
Prentice–Hall Corporation System, Inc.
1090 Vermont Avenue, NW
Washington, DC   20005


And


RENAISSANCE HOTEL OPERATING COMPANY
Serve:
Mr. David W. Goewey
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004–1601

CASE NO. 1:06–CV–01310

ORDER GRANTING LEAVE TO
FILE SECOND AMENDED
COMPLAINT

and

TECHWORLD HOTEL ASSOCIATES, LLC
D/B/A RENAISSANCE WASHINGTON, D.C.
HOTEL
999 9th Avenue, NW
Washington, DC 20001
Serve:
Corporation Service Company
1090 Vermont Avenue, NW
Washington, DC 20005

and

SUNSTONE K9, LLC
903 Calle Amanecer, Suite 100
San Clemente, CA 92673
Serve:
National Registered Agents, Inc.
1090 Vermont Ave., N.W.,#910
Washington, DC 20005

and

JOHN DOES NO. 1–10,

                    Defendants.

        This matter came before the Court on the Plaintiff's motion for leave to

file the Second Amended Complaint, attached as Exhibit A.  The Court has

considered the motion and any responses thereto, as well as the pleadings

filed in this action, and finds as follows:

1.    Plaintiff should be granted permission to file her proposed Second Amended Complaint.

2.    The filing of plaintiff's proposed Second Amended Complaint is necessary to ensure that she will be afforded a fair presentation of her claims in this action.

3.    No defendant will prejudiced if the amendment is permitted.

4.    The claims asserted in plaintiff's proposed Second Amended Complaint arose out of the same conduct, transactions, or occurrences set forth or attempted to be set forth in her original Complaint and First Amended Complaint.

Based on the above findings, It is Ordered:

1.    Plaintiff's Motion for Leave to File Second Amended Complaint is granted.

2.    Plaintiff is granted leave to serve and file the Second Amended Complaint conforming to the proposed amended complaint, attached as Exhibit A.

3.    Defendants shall serve and file a responding pleading within ten days of service of the Second Amended Complaint.

Dated this ____ day of _____, 2006.


_____
Honorable Gladys Kessler


Presented by:


SPARKS & SILBER, LLP


Richard F. Silber, Esquire, D.C. Bar No. 395407
3221 M Street, N.W.
Washington, D.C.  20007-3616

Tel 202/338-0687 Fax 202/333-0858

McNAUL EBEL NAWROT & HELGREN P.L.L.C.


Leslie Hagin, Esquire, D.C. Bar No. 453450
Michael D. Helgren, Esquire*
600 University Street, Suite 2700
Seattle, Washington 98101
Tel 206/467-1816 Fax 206/624-5128

Attorneys for Plaintiff,
Gail Phillips-Waters


*Admitted Pro Hac Vice