UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL EUGENE PHILLIPS-WATERS, Individually and as Personal Representative of the Estate of JAMES LEON WATERS, deceased<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., ET AL.<br><br>Defendants. | CASE NO. 1:06-CV-01310 |

DECLARATION OF LESLIE J. HAGIN
IN OPPOSITION TO MOTION TO DISMISS

I, Leslie J. Hagin, declare:

1.  I have personal knowledge of the facts set forth in this declaration and can testify competently thereto. I am over the age of eighteen (18) years and am otherwise competent to make this declaration.

2.  I am a member in the Seattle, Washington law firm of McNaul, Ebel, Nawrot & Helgren, and one of the lawyers representing Gail Waters in this lawsuit. I am licensed to practice in the District of Columbia, as well as Washington State.

3.  Though defendants claim to be filing a Rule 12(b)(6) motion, in footnote 2 of that motion, they rely on evidence beyond the pleadings. In particular, they mention the statutorily required notice that Ms. Waters provided to D.C. about this injury. Such was required to preserve any claims that Ms. Waters might later assert in any subsequent lawsuit. However, once she filed that notice to protect her rights, Ms. Waters filed a public disclosure request to obtain records regarding her husband's death. Previously, the defendants had told

DECLARATION OF LESLIE J. HAGIN IN
OPPOSITION TO MOTION TO DISMISS – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

her that it had done everything it could to aid Mr. Waters when he suffered his sudden cardiac arrest on their premises. The defendants did not tell her at that time, what public disclosure documents later revealed, for example, that the Hotel had no AED, that its staff had failed to inform the 911 dispatcher/Fire EMS personnel that Mr. Waters had suffered a heart attack (rather, they merely stated he was "sick"), or that the Hotel security officers responsible for communicating information about Mr. Waters' condition to the professional medical responders had dead radio communications equipment, further impeding the relay of timely and accurate information to the professional medical responders. Instead, the defendants had misrepresented their role in her husband's death, and the media had asserted wrongly that the DC Fire/EMS department was responsible for his death. Plaintiff did not then know that, by the time the Fire/EMS team(s) arrived at the Hotel, it was already too late for her husband. As established by the medical opinions and literature attached as exhibits hereto, Mr. Waters needed the assistance of a hotel-administered defibrillator before those professional teams even arrived.

4. One of the world's foremost cardiac and emergency medical experts is Dr. Richard O. Cummins of the University of Washington Medical Emergency Department. Dr. Cummins has reviewed the pertinent records and concluded that the D.C. Fire/EMS departments did not cause Mr. Waters' death, but the errors and omissions of the Hotel did. His declaration on these matters is Exhibit A to the Second Amended Complaint which, in turn, is attached as Exhibit A hereto.

5. On behalf of Ms. Waters, I sent Marriott International a letter based on Dr. Cummins' analyses. I was called by Keith Jones, of the Marriott Claims department. He apologized for Mr. Waters' death. He also told me that since receiving our letter, the topic of

DECLARATION OF LESLIE J. HAGIN IN
OPPOSITION TO MOTION TO DISMISS – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

AEDs in the Marriott brands of hotels had been what everyone at the claims department was talking about, and that the Company was in the process of rolling out an AED program in its high-end, Ritz Carleton, brand of hotel chains. It was clear that the Marriott was not surprised that Ms. Waters had subsequently learned that the Marriott had failed to discharge its duties.

6. Defendants have not yet produced any information to us about what and when they knew about AEDs, their investigations about their use, and their decision to employ them in some places, but not others. There have not yet been any Rule 26 lay-down disclosures, let alone discovery. Nor does Ms. Waters yet know, for example, how many guests of the defendants have died of heart attacks; when the defendants' decision-makers reviewed the numerous hospitality industry publications and conferences about American Heart Association and OSHA standards and guidelines recognizing that AED devices and staff training were considered part of "first aid" by 2005; and when these employees evaluated how inexpensive and easy AED equipment and staff-training programs were by the time of Mr. Waters' death. We fully expect discovery will reveal that the Hotel was aware of, yet recklessly indifferent to, these issues.

7. Attached hereto as Exhibits A-Q are true and correct copies of various documents, including judicial orders and opinions holding that the question of whether a defendant, especially a public accommodations defendant, breached its particular duty of care is a question for the jury, and not for a court to decide as a matter of law (even at the summary judgment stage, after discovery). The exhibits are as follows:

DECLARATION OF LESLIE J. HAGIN IN
OPPOSITION TO MOTION TO DISMISS -- Page 3

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

EXHIBITS:

| | |
|---|---|
| A. | Second Amended Complaint, filed October 31, 2006, with attached exhibits, including Declaration of Dr. Richard O. Cummins; |
| B. | Declaration of Professor Kyle McInnis, dated June 24, 2005, *Eng. v. 24 Hour Fitness, USA, Inc.*; |
| C. | Article, National Center for Early Defibrillation, *Survivor Stories*; |
| D. | Article, *The Beat Goes On*, Security Management: Working Wise, 03/00; |
| E. | Article, National Center for Early Defibrillation, *NCED to Host Community Defibrillation Workshop in Washington, D.C.*, dated 9/3/02; |
| F. | Article, DCHS Brochure, *Heart Safe Communities*, dated 11/8/04; |
| G. | American Red Cross publication "*Saving a Life is as Easy as A-E-D*"; |
| H. | *Thompson v. Rochester Community Schools*, 2006 WL 3040137 (Mich. App. Oct. 26, 2006); |
| I. | Petition For Court Approval of Settlement and for Appointment of Guardians Ad Litem, filed March 17, 2004: Partial Civil Docket; and Plaintiffs' Memorandum of Law in Opposition to the Defendants' Motion for Summary Judgment, filed July 30, 2003, *Fruh v. Welbridge Club Management, Inc., et al.*, Case No. 02-10689PBS (D. Mass. April, 2002); |
| J. | Order Denying Summary Judgment, dated August 4, 2005; and Plaintiff's Opposition to Motion for Summary Judgment by Defendant, 24 Hour Fitness, Inc., *Eng v. 24 Fitness USA*, Cause No. RG03-12619 (Alameda Cy. Sup. Ct., Aug. 4, 2005); |
| K. | Order Denying Defendant's Traditional and No-Evidence Motion for Summary Judgment; and Plaintiff's Response to Defendant's Traditional and No-Evidence Motion for Summary Judgment and Motion for Leave with Respect to the Same, dated July 12, 2006, *Schroeder v. Golds Gym Int'l Inc.* (Cause No. 83083A, Texas Probate Ct. No. 1); |

DECLARATION OF LESLIE J. HAGIN IN
OPPOSITION TO MOTION TO DISMISS – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

L.  *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, -- N.E.2d -- (2006);

M.  Order Denying Summary Judgment/Summary Adjudication, dated September 30, 2005; and Notice of Motion and Motion for Summary Judgment, or in the Alternative, for Summary Adjudication of Issues, dated October 28, 2004, *Cohen v. Hilton Hotels Corp.*, Cause No. G1C 821664 (San Diego Cy. Sup. Ct., Sept. 30, 2005);

N.  Article, The Rooms Chronicle, by J. Emery, *Is your hotel "heart safe"?*, Vol. 12, No. 1 (Jan/Feb. 2004);

O.  AH&LA, Loss Prevention Management Bulletin, *Automated External Defibrillators (AEDs) Revisited* (Sept. 2002);

P.  Article, NurseZone.com (May 2006) *U.S. Disney Resorts to Install Life-Saving Cardiac Defibrillators Across Properties*; and

Q.  Article, Science Daily (Oct. 22, 1999) *Automated External Defibrillators User-Friendly – Even for Children.*

I declare under penalty of perjury of the laws of the United States of America, the District of Columbia, and the State of Washington that the foregoing is true and correct and that I would testify thereto.

Executed this 30th day of November 2006, at Seattle, Washington.

Leslie J. Hagin

DECLARATION OF LESLIE J. HAGIN IN
OPPOSITION TO MOTION TO DISMISS – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Case 1:06-cv-01310-GK    Document 17    Filed 11/30/2006    Page 6 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2006, a true and complete copy of the foregoing *Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss* was served by the Court's ECF filing system on the following:

> David W. Goewey, Esq.
> Venable LLP
> 575 - 7th Street, N.W.
> Washington, D.C. 20004-1601
> Email: DWGoewey@Venable.com
>
> Ms. Danielle Foley
> Venable LLP
> 575 - 7th Street, N.W.
> Washington, DC 20004-1601
> Email: DRFoley@Venable.com
>
> Counsel for Defendants
> Marriott International, Inc. and
> Renaissance Hotel Operating Company

/s/ Leslie J. Hagin

OPPOSITION TO MOTION TO DISMISS – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2080-001 sk170406 11/30/06