# EXHIBIT 1

1

2

3                                                    MAY 0 4 2004

4                                              By: L ROCKWELL, Deputy

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN DIEGO

10

11   ESTATE OF STUART A. COHEN, by and  )   CASE NO. GIC 821664
     through, BOBBI COHEN and BOBBI     )
12   COHEN,                             )   **ORDER SUSTAINING AND**
                                        )   **OVERRULING DEMURRERS**
13                                      )
                    Plaintiffs,         )
14                                      )
                                        )
15          v.                          )
                                        )
16   HILTON HOTELS CORPORATION, a       )
     Delaware Corporation, dba HILTON LA )
17   JOLLA TORREY PINES, and DOES 1     )
     through 30, inclusive,             )
18                                      )
                    Defendants.         )
19   ───────────────────────────────────)

20          The court heard oral argument on April 23, 2004 before the Honorable Jay M.

21   Bloom, Judge presiding.  The court, having considered the oral and written

22   arguments, evidence presented by counsel and taking the matter under submission,

23   rules as follows:

24          **Defendant Hilton Hotels Corporation's Demurrer is SUSTAINED in part**

25   **and OVERRULED in part.**

26          The demurrer to the 1st cause of action for negligence/wrongful death is

27   sustained with leave to amend.  The Estate of Stuart Cohen lacks the capacity to sue.

28   (See, The Rutter Group, Civil Procedure Before Trial at § 2:6)  Title to estate assets is

1  held by the executor on behalf of the beneficiaries.  While the executor has a right to
2  sue, the Estate is not the proper plaintiff.  (See, CCP § 377.60)

3      The demurrer to the 2nd cause of action for negligence/wrongful death is
4  sustained with leave to amend.  Defendant owed no duty to plaintiffs to maintain an
5  automatic external defibrillator on its premises ("AED").  As an innkeeper, defendant
6  is under a duty to protect guests against unreasonable risk of physical harm and to
7  give them first aid after it knows or has reason to know that they are ill or injured
8  and to care for them until they can be cared for by others.  (Restatement of Torts
9  section 314A)  This duty does not extend to providing medical equipment.  Plaintiffs
10 has not cited to any California authority requiring defendant to have an AED on its
11 premises.

12     If the court were to accept plaintiffs' argument that innkeepers have a duty to
13 carry medical equipment because of the possibility a guest may become ill,
14 innkeepers would thus be required to carry all types of emergency medical equipment
15 for a variety of ailments and diseases and provide personnel trained in the use of
16 such equipment simply because defendants are open to guests who may have
17 undisclosed medical problems or who may overexert themselves at social events held
18 on the premises.  As a matter of policy, such a duty would impose an undue burden
19 on innkeepers.

20     Nonetheless, defendant does have a duty to give first aid and care for guests
21 until they can be cared for by others. Insofar as plaintiffs may be able to allege that
22 decedent was not given first aid, was given improper first aid or was not reasonably
23 cared for, leave to amend is allowed.

24     The demurrers to the causes of action based on the statute of limitations are
25 overruled.  Mr. Cohen suffered a heart attack on November 23, 2002 and died on
26 November 26, 2002.  (Complaint at ¶¶ 3, 13)  On January 1, 2003, CCP § 335.1 went
27 into effect, providing a two-year statute of limitations for personal injury. The
28 complaint was filed on November 26, 2003.  The extension of the statutory period

within which an action must be brought is valid if made before the cause of action is barred. (Evelyn, Inc. v. California Employment Stabilization Com. (1957) 48 Cal. 2d 588) Thus, the claims are not barred by the statute of limitations.

Krupnick v. Duke Energy Morro Bay (2004) 115 Cal. App. 4th 1026 does not compel a different result. In Krupnick, before the effective date of CCP § 335.1, the plaintiff's claims were barred by the then one-year statute of limitations. After CCP § 335.1 went into effect, Krupnick sought to revive the case. However, in the instant case, the new statute went into effect before plaintiff's claim would have been barred by former CCP 340(3)). While Krupnick holds that CCP § 335.1 is not retroactive in cases where the claim was already barred by the statute of limitations, per Evelyn, the new statute applies here because the extension went into effect before plaintiff's claims were barred by the former statute.

Plaintiffs are given 10 days to amend the complaint.

Dated: May 4, 2004

JAY M. BLOOM
Judge of the Superior Court