UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

GAIL EUGENE PHILLIPS-WATERS,:

              Plaintiff,      :     Civil Action No. 06-1310(GK)

              v.           :

MARRIOTT INTERNATIONAL, *et al.*,   :

          Defendants.    :

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Plaintiff Gail Eugene-Phillips-Waters and Defendants Marriott International, Inc. and Renaissance Hotel Operating Company hereby submit their Joint Meet and Confer Report pursuant to Federal Rule of Civil Procedure 26(f) and United States District Court for the District of Columbia Local Civil Rule 16.3.  Counsel for the parties conferred to discuss the matters addressed in Local Civil Rule 16.3 as set forth in this Report.

### Plaintiff's Statement of the Case

Plaintiff brought this action individually and as the personal and legal representative of the estate of her deceased husband, James Leon Waters against Marriott International and Renaissance Hotel Operating Company, the record owners of the Marriott Renaissance Hotel.  Plaintiff is seeking common law and exemplary damages for the wrongful death of her husband who died following a heart attack on July 26, 2005, while staying at Defendants' hotel.  Plaintiff alleges her husband died as a result of defendants' failure to have Automated External Defibrillators ("AEDs") on the hotel's

1

premises.  Plaintiff alleges that an AED is an inexpensive, safe and effective device proven to save the life of someone suffering a heart attack.  Plaintiff further alleges that by the year 2005, when Plaintiff's decedent died, the standard of care for places of public accommodation, such as Defendants' Renaissance Hotel, required the deployment of AEDs on the premises.  Plaintiff also charged that Defendants failed to employ individuals who were properly trained in first-aid techniques, and to provide those employees with operating radios for use in emergencies.

### Defendants' Statement of the Case

Defendants' position is that they had no common law or statutory duty to have AEDs at the Renaissance Hotel in July 2005.  The deployment of AEDs is highly regulated; the District of Columbia, all fifty states, and Congress have enacted legislation governing the use of AEDs.  None of these laws requires hotels to have AEDs.  Had the District of Columbia wanted to require hotels in D.C. to have AEDs, it could have done so years ago, but it did not.  Even when presented with a bill in January 2005 that would have required buildings that may accommodate more than 1,000 persons to have an AED on site, the D.C. Council did not enact such legislation.    Moreover, every one of the courts that has addressed the issue of whether an establishment has a duty to acquire and maintain AEDs has held that there is no such duty.    There is no reason for this Court to depart from the conclusions reached by the other courts that have addressed these issues, and it is a matter for the D.C. Council, not this Federal Court, to determine whether, and under what circumstances, D.C. hotels should have AEDs on premises.

2

DC2:813688v2

Plaintiff's claim that Defendants failed to train their employees on the proper use of AEDs fails for the same reasons that Defendants had no duty to have an AED.  (*See* Restatement (Second) Torts § 314A (cited in Plaintiff's Second Amended Complaint, ¶ 8).) Similarly, Plaintiff's claim that Defendants failed to properly train their employees in first aid techniques is effectively refuted by Plaintiff's own admission that Defendants' employees performed CPR on Mr. Waters until D.C. Fire and Emergency Services ("FEMS") personnel arrived.  No more is required under the very authority relied on by Plaintiff.  Finally, Plaintiff's contention that Defendants were negligent in failing to provide a working radio to a responding employee fails because Plaintiff does not allege that, but for the alleged failure to provide a working radio, it was more likely than not that Mr. Waters would have survived.  Thus, each of Plaintiff's claims fails as a matter of law.

### Rule 16.3(c) Matters

1.    **Dispositive Motions.**  Defendants have moved to dismiss Plaintiff's complaint.  Plaintiff has opposed the motion and Defendants have filed a reply brief. That matter is fully briefed and pending before the Court.

2.    **Pleading Amendments and Party Additions.**  At the present time, it appears that all the proper parties have been named, served and responsive pleadings filed.  The parties agree that no later than 120 days from the date of this report is the deadline for adding any additional parties absent good cause and provided defendants have

3

responded to written discovery requests as to issues of whether any additional parties should be added.

3.    **Magistrate Judge.**  The parties do not consent to having this case assigned to a Magistrate Judge.

4.    **Settlement.**  The parties believe that the possibility of settlement will await resolution of Defendants' Rule 12 motion, and if denied, after certain key depositions are taken.

5.    **Alternative Dispute Resolution.**  The parties agree that court-ordered mediation may be helpful after the close of discovery.

6.    **Summary Judgment.**  Defendants have moved to dismiss.  Plaintiff has opposed this motion and believes that there are significant genuine issues of fact to be resolved by a jury.  Should the case proceed beyond Defendants' Motion to Dismiss, Defendants believe that summary judgment will be appropriate because, among other reasons, Plaintiff will be unable to establish that Defendants' acts and alleged omissions were the proximate cause of Mr. Waters' death.

7.    **Initial Disclosures Under Rule 26(a)(1).**  The parties agree to dispense with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

8.    **Extent of Discovery.**  The Defendants believe that discovery should be deferred until the Court rules on the pending Motion to Dismiss.  It is Defendants' position that it is appropriate to defer discovery in this action because Defendants' Motion to Dismiss will "be thoroughly dispositive of the claims in the Complaint," the

DC2:813688v2

brief delay will not prejudice Plaintiff if the Plaintiff prevails on such Motion, and deferring discovery will save both parties (and the court) from expending resources that will not be necessary if the Motion is granted. *Chavous v. District of Columbia Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1, 2-4 (D.D.C. 2001) (quoting *Anderson v. United States Attorneys Office*, Civil Action No. 91-2262. at *1 (D.D.C. June 19, 1992) ("it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"); *see also Maljack Productions, Inc. v. Motion Picture Ass'n of America*, Civ. Action No. 90-1121, 1990 U.S. Dist. LEXIS 13284 (D.D.C. Oct. 4, 1990) (staying discovery pending resolution of motion to dismiss); *Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900, *5 (E.D. Pa. 1995) (it is appropriate to stay discovery pending the resolution of a motion to dismiss "where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay"). Indeed, Defendants' Motion to Dismiss involves a pure legal question – did Defendants have a duty to have an AED at the Hotel on July 26, 2005 – and no discovery is necessary to resolve this issue.

Plaintiff, however, wishes to commence discovery at this time.

As to the extent of discovery, the parties agree to the imposition of 25 interrogatories per party as set forth in Federal Rule of Civil Procedure 33(a), and the presumptive limit of ten fact witnesses per party as set forth in Federal Rule of Civil Procedure 30(a)(2). The parties further agree that the presumptive limit in Federal Rule of

DC2:813688v2

Civil Procedure 30(d)(2) of seven hours per deposition should apply to all witnesses unless otherwise agreed to by the parties.

       9.    **Exchange of Expert Witness Reports and Information.**  The parties agree that Plaintiff's expert identification and report(s) pursuant to Federal Rule of Civil Procedure 26(a)(2) should be due within 120 days of the resolution of Defendants' Rule 12 motion. Defendants' expert identification and reports would be due approximately 75 days later.

       10.    **Class Actions.**   Not applicable at this time.  Plaintiff, however, asserts the right to assert class claim if they are warranted.  Defendants do not agree that any class claims could be asserted in this action.

       11.    **Bifurcation and Phases.**  The parties agree that bifurcation and management in phases are not applicable to this case at this time.

       12.    **Pretrial Conference Date.**  The parties agree that a pretrial conference should be scheduled to occur approximately 60 days after the Court has ruled on any post-discovery motion (*e.g.*, summary judgment motion).  If there are no post-discovery motions, the parties will so advise the Court so that a pretrial conference can be scheduled within approximately 60 days of the close of discovery.

       13.    **Trial Date.**  The parties agree that the Court should set a firm trial date at the pretrial conference for the trial to begin approximately 30 to 60 days after the pretrial conference.

DC2:813688v2

14.    **Other Scheduling Matters.**  The parties have no further scheduling matters to present at this time.

Pursuant to Local Civil Rule 16.3(d), the parties submit a proposed scheduling Order.  Defendants agree to the proposed scheduling order <u>only</u> in the event the Court rules that discovery is to proceed while Defendants' Motion to Dismiss is pending.  In the event the Court stays discovery pending consideration of Defendants' Motion to Dismiss and the Court denies such Motion, the parties expect to submit a revised proposed scheduling order within 10 days of the Court's ruling on the Motion to Dismiss.

Respectfully submitted,

Richard F. Silber, Esquire
DC Bar No. 395407
**SPARKS & SILBER, LLP**
3221 M Street, NW
Washington, DC 20007
(202) 338-0687

**McNAUL EBEL NAWROT & HELGREN**
Leslie Hagin, Esquire
D.C. Bar No. 453450
Michael D. Helgren, Esquire*
600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816

Counsel for Plaintiff

7

DC2:813688v2

David W. Goewey. Esquire
Danielle R. Foley, Esquire
**VENABLE LLP**
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Counsel for Defendants

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GAIL EUGENE PHILLIPS-WATERS,    :
                             :
            Plaintiff,         :       Civil Action No. 06-1310(GK)
                             :
            v.                :
                             :
MARRIOTT INTERNATIONAL, *et al.*,   :
                             :
            Defendants.      :
                             :

## ORDER

Upon consideration of the Joint Report to the Court filed pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, it is hereby,

ORDERED that the case shall proceed upon the following schedule:

| | |
|---|---|
| Deadline for Amended Pleadings | April 15, 2007 |
| Deadline for Discovery Requests | July 1, 2007 |
| Plaintiff's Rule 26(a)(2) Expert Report(s) Due | June 1, 2007 |
| Defendants' Rule 26(a)(2) Expert Report(s) Due | August 15, 2007 |
| All Discovery closed | September 28, 2007 |
| Deadline for filing Post-Discovery motions | October 31, 2007 |
| Pretrial Conference | Approximately 60 days after resolution of post-discovery motions |
| Trial | Approximately 30-60 days after pretrial conference |

_____
**GLADYS KESSLER**
**UNITED STATES DISTRICT JUDGE**